UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOLEEN DELGADO,

                     Plaintiff,

         -against-

THE PEOPLE OF THE STATE OF NEW
YORK and KEVIN RUSSO,

                   Defendants.

24-CV-9071 (JGLC)

**<u>ORDER</u>**

JESSICA G. L. CLARKE, United States District Judge:

Joleen Delgado, who is proceeding *pro se*, filed a notice of removal in which she seeks to remove to this court, under 28 U.S.C. § 1443(1), her criminal case pending in the Justice Court of the Village of Haverstraw, County of Rockland, State of New York. ECF No. 1. For the reasons set forth below, the action is remanded to the Justice Court of the Village of Haverstraw, County of Rockland, State of New York.

A defendant in a state court action may remove a matter to federal district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). To remove a state court action to a federal district court:

> [a] defendant ... shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). If there is a procedural defect, a federal district court may remand an action to the state court *sua sponte* within 30 days of the filing of the notice of

removal and may do so any time for a lack of subject matter jurisdiction. See 28 U.S.C. §

1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir.

2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

Delgado commenced this action by filing a notice of removal naming The People of the

State of New York and Kevin Russo in his individual capacity as Defendants and naming herself

as Plaintiff. Delgado asserts that on August 12, 2024, she was "subjected to custodial arrest and

incarcerated without a probable cause hearing." ECF No. 1 at 5. Delgado contends that

Defendant Russo failed to ensure her "[c]onstitutional [r]ights were protected and implemented

causing severe economic and emotional distress." *Id.* She asserts violations under the First,

Fourth, Fifth, Sixth, and Fourteenth Amendments. *Id* at 8-9.

A defendant removing a criminal action to a federal district court has the burden of

establishing that a case is within the federal court's removal jurisdiction. *Torres v. New York*,

No. 23-CV-9380 (LTS), 2024 WL 22088, at *2 (S.D.N.Y. Jan. 2, 2024) (citing *Shamrock Oil &*

*Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)). Such removal jurisdiction is limited. A criminal

prosecution may be removed to federal court where an action has been commenced in state court

against a federal officer or member of the armed forces for actions taken under the color of

office. 28 U.S.C. §§ 1442(a), 1442a.

Criminal prosecutions commenced in state court are also subject to removal if the

defendant "is denied or cannot enforce in the courts of such State a right under any law providing

for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1); *see also Johnson*

*v. Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal

prosecution where defendant is denied equal civil rights). The removal of a state criminal

prosecution to federal court under 28 U.S.C. § 1443(1) is appropriate only when "the right

allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." *New York v. Parker*, No. 21-CV-1276 (GTS) (TWD), 2022 WL 103121, at *2 (N.D.N.Y. Jan. 10, 2022), *report and recommendation adopted*, No. 21-CV-1276 (GTS) (TWD), 2022 WL 326600 (N.D.N.Y. Feb. 3, 2022) (internal citation and quotation omitted); Order Denying Reconsideration at 4-5, *Yarborough v. New York,* No. 24-CV-763 (MKV) (S.D.N.Y. Aug. 12, 2024), ECF No. 9. Because removal to federal court deprives the state court of jurisdiction, "federal courts construe the removal statute[s] narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (internal citation and quotation omitted)

Delgado's submission is devoid of facts suggesting that removal of her case is proper. Delgado does not allege that she is a federal officer or member of the armed forces being prosecuted for actions taken under color of office. Nor does she allege any facts suggesting that she cannot enforce, in the New York state courts, a right to equality that is being denied her. Delgado's notice of removal is devoid of information suggesting that she is being denied federally guaranteed equal civil rights related to "racial equality" in the state court. Instead, her notice of removal asserts that she was "subject to a custodial arrest and incarcerating without a probable cause hearing" causing "severe mental anguish and anxiety . . . associated with defense of unfounded accusations [which] severely diminished [her] economic stability." ECF No. 1 at 5-6. Delgado's claims can be fully and fairly adjudicated in state court. For these reasons, the Court concludes that removal is not proper.

Because removal of this criminal action is improper, it is remanded under 28 U.S.C. § 1455(4) to the Justice Court of the Village of Haverstraw, County of Rockland, State of New York. The Clerk of Court is directed to send a copy of this order to that court and to close this

action. As Plaintiff previously consented to receive electronic notice via the ECF system, *see*

ECF No. 3, there is no need to mail a copy of this Order to Plaintiff. All other pending matters in

this case are terminated.

    SO ORDERED.

Dated:  January 6, 2025
        New York, New York

                                        SO ORDERED.

                                    *Jessica Clarke*

                                    JESSICA G. L. CLARKE
                                    United States District Judge