**MEMO ENDORSED**

RECEIVED
MAR 03 2025
PRO SE OFFICE

IN THE UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

Case No. 7:24 - cv - 09071

JOLEEN DELGADO,

Plaintiff-Appellant,

Ex Rel. United States of America,

v.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK,

Defendant-Appellee.

As stated at ECF No. 11, this case is closed. There are to be no further filings in connection with this case. The Clerk of Court is directed to terminate ECF No. 12 and close the case.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge
Dated: March 6, 2025
New York, New York

APPELLANT'S OPENING BRIEF

Appeal from the United States District Court for the Southern District of New York

PRELIMINARY STATEMENT

This appeal arises from the unconstitutional remand of a properly removed case from the United States District Court for the Southern District of New York back to state court, in violation of Appellant's absolute due process rights under the Fifth and Fourteenth Amendments. The District Court's remand was based not on matters of law, but on procedural grounds, without granting Appellant her constitutional right to be heard. The court further failed in its duty to protect Appellant from ongoing unconstitutional state actions, despite repeated requests and overwhelming evidence.

The District Court treated Appellant as an officer of the court rather than a living woman with inherent constitutional protections, violating her rights under 42 U.S.C. § 1983, 28 U.S.C. § 1441, and 28 U.S.C. § 1446(d). This appeal seeks reversal of the remand order, a declaration that the federal court retains jurisdiction, and an order for Appellant's case to be heard on its merits before any remand is considered.

JURISDICTIONAL STATEMENT

This Court has jurisdiction over this appeal under 28 U.S.C. § 1291, which grants appellate jurisdiction over final decisions of the District Court. Appellant timely filed her Notice of Appeal under Federal Rule of Appellate Procedure 4(a)

STATEMENT OF ISSUES PRESENTED

1.      Whether the District Court violated Appellant's due process rights by remanding the case without granting her the constitutional right to be heard.

2.      Whether procedural errors are an unconstitutional basis for remand when a litigant has provided substantial evidence of jurisdiction and due process violations.

3.      Whether the District Court failed in its legal duty to protect Appellant from unconstitutional state actions by remanding the case despite clear evidence of ongoing violations.

4.      Whether the District Court erred in treating Appellant as an officer of the court rather than a living woman entitled to full constitutional protections.

5.      The remand order disregarded Appellant's federal constitutional claims, which mandate federal jurisdiction under 28 U.S.C. § 1331 and § 1443 (civil rights removal).

6.      By treating Appellant as an officer of the court rather than a living woman, the District Court imposed unconstitutional constraints on her rights and failed to afford her the full protections of federal law.

SUMMARY OF ARGUMENT

•      The Due Process Clause of the Fifth and Fourteenth Amendments is absolute. The Supreme Court has consistently held that procedural errors cannot be used as an excuse to deny a litigant their fundamental right to be heard. Goldberg v. Kelly, 397 U.S. 254 (1970).

•      A federal court must resolve jurisdictional and constitutional issues before remanding a case. The U.S. Supreme Court in Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336 (1976) held that a district court cannot remand a case for reasons other than those listed in 28 U.S.C. § 1447(c) and that improper remands are subject to appellate review.

•      The District Court's failure to address Appellant's constitutional claims before remanding was reversible error. The Second Circuit has ruled that litigants must have a meaningful opportunity to be heard before a case is dismissed or remanded. Zinermon v. Burch, 494 U.S. 113 (1990).

•      Appellant's case involves substantial federal questions requiring federal jurisdiction. Under Johnson v. Mississippi, 421 U.S. 213 (1975), the Supreme Court held that when a state court's actions violate constitutional rights, federal jurisdiction is required.

•      State court actions in defiance of a properly filed removal violate federal law. Under Mitchum v. Foster, 407 U.S. 225 (1972), federal courts have the duty to intervene when state courts violate civil rights.

ARGUMENT

I. THE DISTRICT COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS

The Supreme Court has held that procedural errors do not override the fundamental right to due process. Mathews v. Eldridge, 424 U.S. 319 (1976). By failing to grant Appellant a hearing before remanding, the District Court violated her constitutional rights.

Federal courts must address substantive due process claims before dismissing or remanding a case. Logan v. Zimmerman

II. PROCEDURAL ERRORS ARE NOT A CONSTITUTIONAL BASIS FOR REMAND

The remand order was improper because it relied on procedural technicalities rather than substantive law. The Supreme Court has held that procedural defects cannot be used to deny litigants their constitutional protections. Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009).

A procedural ruling cannot override substantive constitutional claims. Honda Motor Co. v. Oberg, 512 U.S. 415 (1994).

III. THE DISTRICT COURT FAILED IN ITS DUTY TO PROTECT APPELLANT FROM UNCONSTITUTIONAL STATE ACTIONS

Under 28 U.S.C. § 1446(d), state court proceedings must cease upon removal. Despite this, the state court continued acting, violating federal supremacy principles under the Supremacy Clause, U.S. Const. Art. VI.

Federal courts must protect litigants from unconstitutional state actions. Younger v. Harris, 401 U.S. 37 (1971).

IV. THE DISTRICT COURT UNCONSTITUTIONALLY TREATED APPELLANT AS AN OFFICER OF THE COURT

A litigant proceeding sui juris is not an officer of the court and retains all constitutional protections. Faretta v. California, 422 U.S. 806 (1975). By imposing procedural constraints inconsistent with Appellant's status as a living woman, the District Court violated her due process rights.

CONCLUSION

For the foregoing reasons, Appellant respectfully requests this Honorable Court to:

      1.     Reverse the remand order and retain federal jurisdiction over the case.

      2.     Order the District Court to conduct a full due process hearing before reconsidering remand.

3.    Declare that procedural errors cannot override substantive due process rights.

Court to conduct a full due process hearing before reconsidering remand.

Joleen Delgado

Sui Juris, Ex Rel. United States of America

35 Allen Street

Congers, New York 10920

Email: jdelgado76@icloud.com

Phone: 845-641-4136

Date: February 24, 2025